Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>TRUSTAGE INSURANCE AGENCY LLC,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: [Case No.]<br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR. ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against TRUSTAGE INSURANCE AGENCY LLC, ("TruStage or Defendant") to stop its illegal practices of placing calls that play artificial or prerecorded voice messages to consumers and to obtain redress for all persons injured by its conduct.

**NATURE OF THE ACTION**

2. Defendant TruStage sells final expense insurance. As a part of its marketing efforts, Trustage placed telemarketing phone calls that played an artificial or prerecorded voice message.

3. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of

> the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted) ("the FCC Letter").

4. Defendant did not obtain prior express written consent and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls in response to complaints about increased telemarketing. See S. Rep. 102-178, at 1, 5 (1991).

6. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991).

7. By placing the calls at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal calling campaigns, as well as an award of statutory damages to Plaintiff and Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff ADEAN HILL is a natural person and is a citizen of the Eastern District of Texas.

10. Defendant TruStage Insurance Agency LLC is an Iowa limited liability company.

11. TruStage's registered agent is CT Coporation System 400 E Court Ave., Des Moines, IA 50309.

**JURISDICTION AND VENUE**

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has personal specific jurisdiction over Defendant because Defendant conducted telemarketing in Texas, including to Plaintiff, who resides in this District. Defendant's marketing towards residents of Texas is the subject of this dispute from which this lawsuit arises.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, telephone calls placed to residents of Texas, substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

15. Defendant sells final expense insurance.

16. Defendant placed phone calls using artificial or prerecorded voice messages to promote its services.

17. Defendant called and played artificial or prerecorded voice messages to thousands of consumers.

18. Defendant did not obtain prior express written consent from Plaintiff and the Class.

19. On January 28, 2026, Plaintiff received phone calls from Defendant on Plaintiff's cell phone number ending in 6388.

20. When Plaintiff answered the phone, Plaintiff heard an artificial or prerecorded voice that said "Hi this is Cloey. I'm calling from American Benefits on a recorded line. How are you doing today? Based on our records you may qualify for the state regulated final expense insurance plan."

21. On February 10, 2026, Plaintiff received another artificial or prerecorded voice call that said: "Hello, this is Anna, how are you doing today? Based on my records you may qualify for the state

regulated final expense insurance plan that's going to cover 100 percent of your funeral barrel and cremation expenses."

22. Plaintiff responded to the message and was connected to a representative of Defendant.

23. Defendant's representative confirmed on the phone the identity of Defendant.

24. Plaintiff never provided prior express written consent.

25. In addition to causing statutory damages, these illegal call(s) caused annoyance, intrusion on privacy and seclusion, and wasted Plaintiff's time.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **TCPA Class**. All persons in the United States who: (1) within 4 years prior to the filing of the Complaint (2) Defendant initiated at least one telephone call; (3) that played an artificial or prerecorded voice.
>
> **Texas Class**. All persons residing in Texas who (1) within 4 years prior to the filing of the Complaint (2) Defendant initiated at least one telephone call; (3) that played an artificial or prerecorded voice.
>
> **Texas Telemarketing Registration Class**. All persons residing in Texas who (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call (3) while Defendant was not registered as a Texas Telemarketer.

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect

individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant placed calls to Plaintiff and the class;

ii. Whether the calls played an artificial or prerecorded voice;

iii. Whether Defendant maintains a Texas Telemarketing Registration Certiifciate;

iv. Whether Defendant obtained prior express written consent;

v. Whether Defendant's conduct was *willful* and/or *knowing*;

vi. Whether the Court should treble damages based on the knowingness or willfulness of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
(On behalf of Plaintiff and the TCPA Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant placed telephone calls that played an artificial or prerecorded voice to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

36. Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, and under 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class seeks $500 for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

38. Defendant made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff requests that the court treble the award from $500 to $1,500 per violation under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

**SECOND CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 305.053
Texas State TCPA Law
**(On behalf of Plaintiff and the Texas Class)**

40. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a).

41. Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

42. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

43. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1).

44. Plaintiff also seeks a permanent injunction requiring Defendant to stop placing illegal telemarketing calls.

**THIRD CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 302.101
Failure to Obtain Texas Registration Certificate
**(On behalf of Plaintiff and the Texas Class)**

45. Texas Bus. & Com. Code § 302.101 require telemarketers to obtain a registration certificate ... for the business location from which the solicitation is made.

46. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

47. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

48. Plaintiff and the class seek an award of $5,000 per violation.

49. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing calls to residents of Texas without a registration certificate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ADEAN HILL, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate Section 227(b) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101.

G. An order awarding trebling damages to $1,500 per violation under 47 U.S.C. § 227(b)(3) and § 305.053(c)(1);

H. An injunction requiring Defendant to cease all unlawful calls and otherwise protecting interests of the Class;

I. An award of damages, including punitive damages, and costs;

J. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 12, 2026

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch

Mark L. Javitch, Esq. (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*

**CERTIFICATE OF SERVICE**

On the date stated below, I filed this document electronically with the United States District Court for the Eastern District of Texas CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

- United States District Court for the Eastern District of Texas

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below in San Mateo County, California.

Date: February 12, 2026

By: /s/ Mark L. Javitch
Mark L. Javitch